## CIRCUIT COURT OF THE CITY OF NORFOLK

Linda M. Grossman

v.

Product Liability Group et al.

August 6, 1997

Case No. (Law) L96-1155

BY JUDGE JOHN E. CLARKSON

I find that in the Second Amended Motion for Judgment, plaintiff alleges she received a container of Applejack and Peel Home Fragrance spray as a Christmas gift in December of 1995. She alleges that on January 7, 1996, she used the spray in her home and it left a "greasy film-like substance on the floor" on which she slipped and fell, sustaining injuries. Plaintiff believes that the spray was purchased at a store owned by defendant Product Liability Group. The spray was allegedly designed and distributed by defendant Tsumura International, Inc. Plaintiff also claims that defendant I-K-I Manufacturing designed and manufactured the spray and also that the defendant Belmay, Inc., designed and manufactured the formula for the spray. Plaintiff served her Second Amended Motion for Judgment against I-K-I Manufacturing by service on the Secretary of the Commonwealth, pursuant to Virginia Code § 8.01-329. Defendant I-K-I Manufacturing has moved to quash service of process on the ground that the Court does not have personal jurisdiction.

Plaintiff has produced a *prima facie* case that I-K-I is subject to the Virginia long-arm statute, but Plaintiff has not produced a *prima facie* case that jurisdiction over I-K-I satisfies the due process clause of the Constitution. Therefore, I will grant I-K-I's Motion to Quash.

Two requirements must be met in order to find personal jurisdiction over I-K-I: (1) the Virginia long-arm statute must be satisfied and (2) the constitutional due process requirements of *International Shoe* must be met.

Defendant did indirectly derive some revenue which may be considered "substantial" from a connection to Virginia and the alleged tortious injury was allegedly caused by it outside the state; therefore Plaintiff has made out a *prima facie* case that the long-arm statute is satisfied. However, the due process clause has not been satisfied. In order to get Defendant into court in Virginia, I-K-I must have "certain minimum contacts" within the territory of the forum state so that the maintenance of the action does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 at 316 (1945). I-K-I not only does not have sufficient minimum contacts, it had no contacts with Virginia. When a plaintiff is trying to gain personal jurisdiction by way of a stream of commerce theory, the defendant must do something more than merely put his product in the "stream." He must engage in some purposeful activity directed toward the forum state. In this case, I-K-I has not done that. According to discovery, I-K-I had no contact whatsoever with Virginia. It did not even know that its product was being shipped to Virginia until it was served with this suit. I-K-I cannot be subject to suit in Virginia because it would violate the due process clause of the Constitution; therefore, despite satisfying the long-arm statute, the Court cannot exercise personal jurisdiction over the defendant, and the Motion to Quash is granted.